# SERCARZ & RIOPELLE, LLP

CARNEGIE HALL TOWER
152 WEST 57TH STREET, 24TH FLOOR
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

————

DIANE FERRONE

*ADMITTED IN NY & NJ

October 19, 2011

*Via ECF*

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Walters, et. al., 11 Cr. 683 (NGG)*
*(Lee Hymowitz, Defendant)*

Dear Ms. Posa and Mr. Capozzolo:

As the attorneys for defendant Lee Hymowitz, we write this letter pursuant to Rule 7 and Rule 16 of the Federal Rules of Criminal Procedure, and Local Criminal Rule 16.1, in lieu of a formal motion which might unnecessarily burden the Court.  In the event of a disagreement between us as to whether the defendant is entitled to a particular item, we can ask the Court to resolve the conflict.

## A. **Definitions**

Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense.  Our request for discovery and inspection relates to items in the possession, custody, or control of the United States Attorney as well as all federal, state and city agencies or governmental and/or administrative entities over which it has sufficient control or liaison to obtain access to materials.  With respect to those items we request, if the United States Attorney does not have them in its possession or control, we ask for a statement to that effect.  If the United States Attorney is aware that a requested item exists but does not have it in its possession, then we request that the United States Attorney disclose the whereabouts of the item.  As used herein, the term "document" has the definition provided in Local Civil Rule 26.3.

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 2

It is requested that the United States Attorney disclose the following:

### B. Rule 16 and Other Pretrial Materials

1.      The government is requested to permit the defendant and counsel to inspect and copy or photograph any relevant, written or recorded statements made by any of the defendants, their agents or co-conspirators, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.  In this regard, counsel for the government is specifically requested to inquire of all law enforcement personnel whom it knows to have been connected with this case as well as any and all potential government witnesses or other people who have supplied information to the government whether they are aware of any written or recorded statements of the defendant, and if so, to make such statements available, forthwith, for inspection by the defendant and counsel.

2.      The defendant requests that the government produce the substance of any oral statement which the government intends to offer in evidence at the trial made by any of the defendant, their agents or co-conspirators.  The government is requested to conduct a conscientious effort to determine whether any individuals acting on behalf of the government are aware of any other oral statements purportedly made by the defendant, their agents or alleged co-conspirators.

3.      The defendant requests permission to inspect and copy or photograph any and all books, news articles, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known (this includes documents in the possession of a cooperating witness) to the government and which are material to the preparation of their defense or which are intended for use by the government as evidence-in-chief at the trial or were obtained from or belong to the defendant. Defense counsel seeks the right to inspect those items discoverable under Rule 16.

4.      The defendant further requests that the government permit them to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial.  Your attention is respectfully directed to the fact that this provision is not triggered only with regard to such reports, etc., which the government intends to offer during its case-in-chief.  Self-evidently, reports, etc., which are "material to the preparation of the defense" are also discoverable.  In the event that the government is in fact in possession of reports, etc., which it does not intend to

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 3

offer (or subsequently comes into possession of such reports), the government is respectfully asked to seek a ruling of the Court, ex parte if necessary, to assist in determining whether such reports are discoverable as "material to the preparation of the defense" of this case.

This includes, without limitation, all coin grading analyses prepared regarding coins allegedly sold by the defendant or seized from their businesses, either performed at the request of the government or which the government otherwise has within its possession, custody or control.

5.     The defendant requests an opportunity to inspect and copy any and all records, statements, notes of interviews, tape-recordings, alleged admissions or confessions, signed or unsigned, oral or written, which are attributed to or were taken from the defendant, all co-defendant or alleged co-conspirators which are within the possession, custody or control of the government, the existence of which is known, or through the exercise of due diligence may become known to counsel for the government.

6.     Advise defense counsel of the existence of and its intended use of any statement made by any defendant inculpating any other defendant, the use of which as evidence would raise Bruton issues.

7.     The defendant requests a designation by the government of those persons it intends to call as witnesses at the trial of this indictment and the social security numbers and addresses of such persons.  The government is specifically requested to disclose the name, social security number and address of any witness which it intends to call and from which the government will seek to elicit "expert" testimony, within the meaning of the Federal Rules of Evidence.  Moreover, the government is requested to disclose any reports, studies or other data which such expert will rely upon in giving his/her testimony, and to summarize any such expert's testimony as described in Fed. R. Crim. P. 16(a)(1)(E).

8.     The defendant requests that the government produce a list of any exhibits it intends to use at trial which are now known to the government and that additions, if any, to said list be provided.

## C. **Brady/Giglio Material**

9.     With respect to each witness the government intends to call at trial, including John Doe #1 and John Doe #2 identified in the Indictment, or any member of the immediate family of any such witness, set forth a written summary of all charges or tax proceedings which could be brought by the government (as defined) or any other law enforcement or regulatory agency, but which have not been because the witness is cooperating with or has cooperated with the government, or for any other reason.  Include copies of all

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 4

memoranda of understanding between the government and its witnesses, whether by way of a
letter of the attorney for a witness or otherwise.

          10.    The government is requested to produce all documents and other evidence
regarding drug and alcohol usage, abuse, and/or dependency by any individual the government
intends to use as a witness at trial, including John Doe #1 and John Doe #2 identified in the
Indictment, including, but not limited to, records relating to treatment of such individual in any
federal, state, city, military or private drug or detoxification program.

          11.    The government is requested to produce all documents and other evidence
regarding any physical or mental disease, disability, or disorder affecting any individual the
government intends to use as a witness at trial, including John Doe #1 and John Doe #2
identified in the Indictment, including, but not limited to, records of hospitalization or other
treatments for such physical or mental disease, disability, or disorder.

          12.    The government is requested to produce all documents and other evidence
regarding any polygraph examination(s) given to any individual the government intends to use as
a witness at trial, including John Doe #1 and John Doe #2 identified in the Indictment.

          13.    The government is requested to disclose the names and addresses of any
person whom the government knows to have relevant information regarding the facts of this
case, including, but not limited to, John Doe #1 and John Doe #2 identified in the Indictment.  In
addition, all relevant Brady, Giglio, Agurs, and Bagley material is requested, including copies of
all documents, statements, and any other evidence including, but not limited to, a written
summary of all oral evidence and statements, now known to the government or which may
become known or which through due diligence may be learned from the investigating agents or
witnesses in this case or persons interviewed in connection with this investigation, which is
exculpatory in nature or favorable to the defendant or which tends to negate or mitigate the guilt
of the defendant, as to the offenses charged, or which would tend to reduce the punishment
imposed if a conviction is obtained.  In this regard, disclose any and all records and/or
information which might be helpful or useful to the defense in impeaching any government
witness.  This includes, but is not limited to, any and all records and/or information revealing
prior misconduct attributable to the person.   Include the names, addresses, and telephone
numbers of all persons who know or may know of any such favorable or exculpatory material or
who may lead to persons or material which may be favorable or exculpatory.

          14.    With respect to each person the prosecution intends to call at trial,
including John Doe #1 and John Doe #2 identified in the Indictment , or any member of the
immediate family of any such person, attach copies of all indictments, complaints, arrests,
hearings or informations brought  against such person by the federal, or any state or local
government, all disciplinary actions brought by the federal, or any state or local government, and

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 5

state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.  If the prosecution does not have copies of all indictments, complaints, informations, arrests, hearings or disciplinary actions, state the dates and places of such arrests, hearings, indictments, and informations, or disciplinary actions, the charge brought, and the disposition of those charges so far as it is known.

15.     Provide copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise.  Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at the trial.  Include all information which may bear on the credibility of any witness and all information bearing on his relationship to any federal, state or city agency or agent, and any informant services or other services or acts performed by him with the knowledge, acquiescence, or at the instance of the government.  This request embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

16.     Provide all information which may demonstrate an inconsistency or arguable inconsistency with another statement made by another person or that person; and all information which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of the defendant.  The law is well settled that it is not for the prosecutor to decide what material is exculpatory or what material falls within the purview of Brady.  Accordingly, we ask that any information which may arguably fall within the aforementioned categories is to be disclosed to counsel for the defendant.

17.     The defendant requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to promises of leniency, or agreements of immunity, either *de facto* or statutory immunity (*inter alia*, 18 U.S.C. § 6001, *et seq.*), which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the government, the existence of which known, or through the exercise of due diligence, may become known to counsel for the government.

18.     The defendant requests that the government disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any state or federal law enforcement representative, attorney or other person acting as agent of or on behalf of state or federal government, to any person or entity who is either to be a witness in this case or is otherwise connected to this case, including John Doe #1 and John Doe #2 identified in the Indictment.  Counsel for the government is specifically requested to inquire

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 6

of those law enforcement representatives connected to this case, including but not limited to, the Federal Bureau of Investigation, the New York City Police Department and the New York State Police, whether any such oral (or written) promises, inducements, agreements, etc., have been made to any person in connection with this case.

19.     The defendant request that the government disclose any and all actions, promises or efforts -- formal or informal -- on the part of the government, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the prosecution considers a potential witness at trial, or a member of the immediate family of such witness, or for the corporation, partnership, unincorporated association or business employing such potential witness or in which the witness is an employee, director, shareholder, trustee, partner member, agent or servant.  This request includes, but is not limited to (a) letters to anyone informing the recipient of the witness' cooperation; (b) recommendations concerning federal or state aid or benefits or tax matters; (c) recommendations concerning licensing, certification or registration; (d) promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; (e) aid or efforts in securing or maintaining the business or employment or promises not to jeopardize such status; (f) aid or efforts concerning a new identity for the witness and his family, together with all other actions incidental thereto; (g) direct payments of money or subsidies to the witness or his or her family; or (h) any other activities, efforts or promises similar in kind or related to the items listed in (a) through (g) above.

20.     Whether any government informant has provided any information which led to the arrest of the defendant, and if yes, provide the name and addresses of any and all such persons, including whether the informant was registered or not; whether the informant has worked for the government in the past; whether the informant has a prior criminal record and if so, provide it; and whether the informant was paid for his or her efforts in this case and if so, how much.

21.     The defendant requests that the Government inquire of each informant or witness who has provided it information relating to this case whether said informant or witness is willing to submit to an interview by defense counsel, and, if the informant or witness is willing to submit to such an interview, then to so advise defense counsel.

## D.  **Subpoenaed, Seized and Related Material**

22.     The defendant requests the opportunity to inspect and copy any and all records, schedules, bills or other documents which relate to this case including those which reflect telephone calls or toll call records or telephone charges over any instrument in which any of the defendant maintained a possessory interest or over such instrument the government knew,

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 7

or believed, the defendant utilized and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for government.

        23.    The government is requested to disclose any and all applications (and attendant documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or denying judicial permission to conduct a physical search of any person or premises which relate to this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

        24.    The government is requested to disclose any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the government, the existence of which is known or through the exercise of the diligence may become known to counsel for the government.  With respect to any documents seized from the person or property of the defendant, or their agents, or co-conspirators, we request that the government make copies of said documents and provide them to us forthwith.  Naturally, the defendant will reimburse the government for reasonable copying costs.

        25.    The government is requested to disclose whether any pre-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, showups, etc.  If so, state the nature and circumstances of such identification procedure as well as the time, date, and place of the identification.  State whether any witnesses were unable to identify any of the defendant, made a mistaken identification, or were uncertain in making an identification.

        26.    The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "mail cover" operation or the examination of the mail of any of the individuals involved in this case, and particularly the defendant.

        27.    The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

        28.    The government is requested to disclose any and all information,

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 8

documents, reports, orders, affidavits, etc., which relate in any way to any "wire tap" operation or interception of telephonic or facsimile communications of any of the individuals involved in this case, and particularly the defendant.

29.     The government is requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

30.     The government is requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.  If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times, places, etc.

31.     The government is requested to disclose any and all surveillance reports or memoranda with respect to the investigation underlying this case or which relate in any manner to this case, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

32.     The government is requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of any the defendant that were made from: a) airplanes, helicopters or other airborne devices; b) property owned, leased or in which the defendant had a possessory, leasehold or ownership interest.

33.     The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any interception of electronic mail (email) or text messages of any of the individuals involved in this case, and particularly the defendants.

## E.  Miscellaneous Materials

34.     Provide a copy of the prior criminal record, if any, of each of the defendants and alleged co-conspirators and a statement of the use, if any, the prosecution intends to make of such records at trial.

35.     It is requested that the government give notice to the defendant of any

Cristina Posa, Esq.
Anthony Capozzolo, Esq.
October 19, 2011
Page 9

intention to offer evidence pursuant to Federal Rule of Evidence 404(b) of other "crimes, wrongs or acts" of any of the defendant, set forth a list of all such crimes, wrongs, or acts specified by date, time, location, and participants the prosecution intends or may seek to introduce against the defendant; and provide the defendant with a statement setting forth the prosecution's theory or admissibility as to each such item.  It is further requested that the government give notice to the defendant of any intention to offer evidence pursuant to Federal Rules of Evidence 807 and 902(11).  Lastly, if it is the intention of the United States Attorney to impeach the defendant' credibility, should he testify, with evidence offered or testimony elicited pursuant to Federal Rules of Evidence 608 and 609, the United States is requested to disclose all such cross-examination items so that an advance ruling may be sought as to admissibility.

## F. <u>Requests for Particularization</u>

36.     With respect to the conspiracy counts in the indictment, for each conspiracy count: Provide counsel with a list of the names, aliases, and addresses of each and every unindicted co-conspirator known to the government; identify, by giving an approximate time and place, and a general description of, each overt act presently know to the government to have been committed by defendant in furtherance of either of the two conspiracies, if such overt acts are not pleaded in the indictment.

Should you have any questions concerning any of these requests, please do not hesitate to contact us for clarification.  Pending the receipt of the information requested herein, we are reserving the defendant's rights to make motions to the Court, including motions to suppress physical evidence, identification testimony, statements of the defendant, etc.[1]

Your courtesy and anticipated cooperation in this matter is appreciated.

Very truly yours,

/s/ Maurice Sercarz

---

[1] As to all items requested above, we assume that the government will adhere to its continuing duty to disclose information.