

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

EMN:CMP/AMC
F.#2011R01474

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

October 26, 2011

**VIA ECF**

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Walters, et al.
            Criminal Docket No. 11-683 (NG)

Dear Judge Gershon:

      The government submits this letter respectfully requesting that the Court reconsider its order directing the government to disclose any post-arrest statements of the defendants in the above-referenced case to all co-defendants, as ordered at the status conference on October 25, 2011.  For the reasons set forth below, the government respectfully submits that the defendant Lee Hymowitz's application for disclosure, made at yesterday's status conference, is without legal basis and should be denied.

A.   <u>Rule 16 Discovery</u>

      Under Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure, the government must disclose "to the defendant the substance of any relevant oral statement made by the defendant." Case law is clear, however, that this obligation applies only to the individual defendant who actually made the statement and does not include the statements of co-defendants.  In <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974), the Second Circuit considered a ruling by Judge Weinstein directing the government to disclose "any relevant written or recorded statement or confession made (1) by the defendant Percevault, or (2) by any co-defendant, or (3) by any co-conspirator during the course and in furtherance of the conspiracy . . ."  <u>Id.</u> at 127-128.  The court found that Rule 16(a)(2) expressly excludes the disclosure of co-defendant, witness and co-conspirator statements except as provided in the Jencks Act, 18 U.S.C. § 3500.  <u>Id.</u>  Specifically,

the court found that Rule 16(a) "was intended to permit the defendant liberal discovery only of his own statements in the government's possession." Id. at 129 (emphasis added). See also United States v. Rivera, No. 09-619 (SJG), 2010 WL 1438787, at *5 (E.D.N.Y. Apr. 7, 2010) (citing Percevault in finding that the Jencks Act prohibits disclosure of witness statements under Rule 16).

At this early juncture in the case – three weeks after indictment – the government does not know whether any of the defendants will be called as government witnesses at any potential trial. Indeed, it is impossible at this stage to determine which, if any, defendants will actually proceed to trial. When and if a trial schedule is established and the government has identified its witnesses, the government will produce the prior statements of such witnesses – including any post-arrest statements made by any co-defendants who become witnesses – in accordance with the Jencks Act. Until such time, however, disclosure of these statements to others beyond the individual defendants who may have made them is precluded under Rule 16(a)(2).

B.   Rule 14 Severance

The defendant Hymowitz bases his motion for the disclosure of any co-defendant post-arrest statements on the premise that he requires such information in order to evaluate whether a severance motion would be necessary because a joint trial could implicate Bruton v. United States, 391 U.S. 123 (1968). This argument is without merit.

As a preliminary matter, any consideration of Bruton issues is premature at this stage, when there is no trial schedule, no motion schedule and no sense of which defendants will proceed to trial. Moreover, Rule 14 of the Federal Rules of Criminal Procedure provides a specific mechanism for the Court to evaluate potential Bruton issues in the context of a severance motion. Specifically, Rule 14(b) provides that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." This subsection thus clearly contemplates that the statements of a co-defendant would not otherwise be discoverable to all of the defendants in a case. See also United States v. Robles, No. 04-1036 (GEL), 2005 WL 957338, at *1 (S.D.N.Y. Apr. 22, 2005) ("No specific discovery rule requires the Government to produce to defendants statements made by co-defendants that might raise issues under Crawford v. Washington, 541 U.S. 36 (2004), or Bruton v. United States, 391

U.S. 123 (1968). It is wise, of course, for the Government to produce such materials in sufficient time for issues regarding such statements to be resolved pre-trial . . .").

Consequently, if and when the issue of a possible severance motion arises, the government will abide by the procedure set forth in Rule 14(b) and submit any co-defendant statements that it intends to introduce at trial to the Court for in camera inspection.

C. Conclusion

For these reasons, the government respectfully requests that the Court reconsider its prior decision and deny the defendant Lee Hymowitz's motion for the immediate disclosure of any co-defendant post-arrest statements.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Cristina M. Posa
Anthony M. Capozzolo
Assistant U.S. Attorneys
(718) 254-6668/6454

cc: All counsel (via ECF)