# SERCARZ & RIOPELLE, LLP

CARNEGIE HALL TOWER
152 WEST 57TH STREET, 24TH FLOOR
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

DIANE FERRONE

*ADMITTED IN NY & NJ

October 28, 2011

*<u>Via ECF</u>*

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:      <u>United States v. Walters, et. al.</u>, 11 Cr. 683 (NGG)
                     (Lee Hymowitz, Defendant)

Your Honor:

      Defendant Lee Hymowitz respectfully submits this letter in opposition to the Government's letter of October 26, 2011 asking the Court to reconsider its order directing the government to disclose any statements of the defendants.

      The government relies on <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974), for the proposition that Rule 16 is limited to discovery of a defendant's own statements. <u>Percevault</u>, however, addressed disclosure of statements of co-conspirators the government intended to call as witnesses.[1]  In contrast, counsel's request was limited to statements made by the defendants to agents of law enforcement at the time of arrest.  It was limited to individuals that the government does not intend to call as witnesses, and was designed to determine, at an early stage, whether motions for severance are likely and whether any sort of joint defense agreement is viable.

      <u>Percevault</u> had been distinguished repeatedly with respect to the statements of codefendants who are not on the government's witness list on "interest of justice" grounds. <u>See</u> <u>United States v. Davidson</u>, 1992 WL 402959, *8-9 (N.D.N.Y. Dec. 16 1992) (distinguishing <u>Percevault</u> and holding that defendant was entitled to statements of his coconspirators who were

---

[1] The other case relied upon by the government, <u>United States v. Rivera</u>, 2010 WL 1438787, *5 (E.D.N.Y. April 7, 2010), is likewise distinguishable because the statements requested were of witnesses, and not co-defendants.

The Honorable Nina Gershon
October 28, 2011
Page 2

also co-defendants); <u>United States v. Konefal</u>, 566 F. Supp. 698, 706 (S.D.N.Y. 1983) ("strict adherence to <u>Percevault</u> is not required" where defendants requested statements of their codefendants, all of whom were coconspirators and thus, the government would not be calling any of them at trial); <u>see</u> <u>also</u> <u>United States v. Turkish</u>, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) ("Where the statements sought are not those of prospective government witnesses, statutory limitations (i.e., 18 U.S.C. Section 3500) do not apply.")

Moreover, the government has voluntarily made available recorded conversations containing statements by codefendants, presumably in furtherance of the conspiracy, thereby waiving any objection to early disclosure under <u>Percevault</u>.

The government's reliance on Rule 14(b) is, likewise, misplaced. That rule provides that when a defendant has moved for a severance the court may require <u>in camera</u> inspection of all statements that the government intends to use as evidence in order to determine whether the rights of any codefendant will be infringed. Indeed, Rule 14(b) presumes that a defendant has already made a severance motion based upon a good faith claim that joinder of offenses or defendants would be prejudicial. The defendants in this case cannot even consider the need for a severance from codefendants without the limited discovery requested here.

Finally, since the decision in <u>Percevault</u>, judges in this district have routinely permitted discovery that occurs earlier in the proceedings than the discovery contemplated by the rules. For example, courts routinely grant discovery of witness lists, 3500 material, and impeachment evidence well in advance of trial, notwithstanding the literal wording of Rule 16 and 18 U.S.C. § 3500.

## **Conclusion**

For all the reasons set forth herein, we respectfully submit that the Court should adhere to its ruling ordering the production of post arrest statements by all of the named defendants.

Respectfully Submitted,

/S/

Maurice H. Sercarz

cc: All counsel (via ECF)