UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :        Indictment No.: 11 CR 683 (NG)

       v.                                                         :

                                                                  :        **DECLARATION**

LEE HYMOWITZ,
MICHAEL FREEMAN, et al.,
                                                                  :

                Defendants.                  :
-------------------------------------------------------------x

       MAURICE H. SERCARZ, declares under penalty of perjury that the following is correct:

       1.       I am an attorney duly admitted to practice before this Court. I am a Partner in the firm Sercarz & Riopelle, LLP, counsel for the defendant Lee Hymowitz in the above referenced matter.

       2.       I submit this Declaration in support of the motion by the defendants Lee Hymowitz and Michael Freeman for various items of relief.

**Attempts To Resolve Certain Applications On Consent**

       3.       Annexed hereto as **Exhibit A** is a copy of the FBI 302 report of a post-arrest interview with the defendant Stevenson Dunn which is the subject of the application for a severance.

       4.       At a status conference on October 10, 2012, the Court ordered defense counsel to attempt to resolve several issues prior to filing motions in this case.

       5.       Pursuant to the direction of the Court, on October 24, 2012, counsel wrote to the government outlining the requests by Hymowitz and Freeman for (a) redactions to the post arrest statement of Stevenson Dunn; (b) a bill of particulars; and (c) Brady material. A copy of the letter including the FBI 302 with proposed redactions is annexed hereto as **Exhibit B**.

Thereafter, defense counsel consulted with the Assistant United States Attorneys responsible for the prosecution of this case in the effort to resolve these issues.

6. With regard to the request by the defendants for redactions to the post arrest statement of Stevenson Dunn, the government would not consent to some of the proposed deletions. Instead, the government requested, in at least two instances, that rather than removing all reference to the involvement of Hymowitz and Freeman in the conduct described by Dunn, the FBI 302 referencing Dunn's statements should substitute for the names of the defendants the words "and others."

7. The government declined to provide the particulars sought by defense counsel in their letter. Instead, the government agreed only to direct counsel's attention to particular requisitions for payment filed with HPD and included in the discovery material.

8. The government did not respond to the defendants' <u>Brady</u> request.

9. On December 5, 2012, I contacted the government in the effort to discuss the <u>Brady</u> issue, and to agree on a schedule for expert witness disclosure, 404(b) disclosure and production of 3500 material. Because one of the prosecutors is travelling on business, we were unable to discuss these items.

**Conclusion**

10. Accordingly, for the reasons set forth here, and in the accompanying Memorandum of Law, we respectfully submit that the items of relief requested by the defendants should be granted.

Dated: December 7, 2012

/s/Maurice H. Sercarz
MAURICE H. SERCARZ

2