JDG:CMP/AMC/CEK
F.#2011R01474



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

STEVENSON DUNN,
LEE HYMOWITZ and
MICHAEL FREEMAN,

            Defendants.

- - - - - - - - - - - - - - - X

**S U P E R S E D I N G
I N D I C T M E N T**

Cr. No. <u>11-683  (S-2)(NG)</u>
(T. 18, U.S.C., §§ 666(a)(2),
981(a)(1)(C), 982(a)(1),
982(b), 1341, 1343, 1349,
1951(a), 1956(h), 1957(a),
1957(b), 1957(d)(1), 1962(d),
1963, 1963(a), 1963(m), 2 and
3551 <u>et</u> <u>seq.</u>; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

    At all times relevant to this Superseding Indictment,
unless otherwise indicated:

<u>The New York City Department of
Housing Preservation and Development</u>

    1.   The New York City Department of Housing Preservation
and Development ("HPD") was a municipal public agency created under
Chapter 42 of the New York City Charter and regulated under Title
28 of the Rules of the City of New York (the "NYC Rules") to provide
affordable housing to the residents of New York City.

    2.   As the largest municipal provider of affordable
housing in the country, HPD's purpose was to provide affordable
housing in various forms to the residents of New York City.  HPD ran

a number of programs that were intended to develop affordable housing, including, among others: (1) the Neighborhood Entrepreneurs Program ("NEP"), which was intended to enable neighborhood-based private property managers to manage and own clusters of occupied and vacant New York City-owned buildings as affordable housing; (2) the Neighborhood Redevelopment Program ("NRP"), whereby HPD conveyed clusters of occupied and vacant New York City-owned buildings to designated not-for-profit organizations for rehabilitation and operation as affordable rental housing; and (3) the Neighborhood Homes Program and the HomeWorks Program, which were intended to rehabilitate residential buildings for eventual sale to eligible purchasers.  Pursuant to Title 28 of the NYC Rules, HPD was charged with selecting real estate developers, or "sponsors," to develop NEP and NRP projects.  The NYC Rules provided that "HPD may select a Sponsor for a Project by any method which HPD determines will best further the purposes of the Program, including, without limitation, pursuant to a request for qualifications process, pursuant to a request for proposals process, selection from a pre-qualified list or, in the discretion of HPD, by a direct designation of an entity judged by HPD to be suitable for the task."

3.   After HPD selected a developer for a particular project, HPD and the developer selected a general contractor

responsible for the construction, rehabilitation and renovation of the properties involved in that project.

4.   HPD engaged in, and its activities affected, interstate and foreign commerce, and as a legal entity, it constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4).  HPD operated throughout New York City, including within the Eastern District of New York.

<u>The Defendants and Other Individuals</u>

5.   At various times, the defendant STEVENSON DUNN was associated with HPD as a real estate developer involved in various HPD projects.

6.   At various times, the defendants LEE HYMOWITZ and MICHAEL FREEMAN were business partners with the defendant STEVENSON DUNN in corporate entities, including, among others, SML Development LLC, Lexington Avenue LP, SML Bed Stuy Development, LLC, and Hancock Street SML LLC (collectively, the "SML Entities"), which were selected as real estate developers for one or more HPD projects. HYMOWITZ and FREEMAN were also partners in a law firm, Hymowitz & Freeman.

7.   At various times, John Doe #1, an individual whose identity is known to the Grand Jury, was a general contractor and real estate developer who was awarded work on HPD projects.

3

8.    At various times, John Doe #2, an individual whose identity is known to the Grand Jury, was a general contractor and real estate developer who was awarded work on HPD projects.

9.    At various times, John Doe #3, an individual whose identity is known to the Grand Jury, was employed by HPD in various executive positions.   John Doe #3's employment at HPD qualified him as a "public servant" as defined by New York Penal Law Section 10.00(15).

### The Criminal Schemes

10.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, solicited and received kickback payments from John Doe #1 in connection with the award of general contracting and real estate development work with the SML Entities on HPD projects.   DUNN, HYMOWITZ and FREEMAN included and caused to be included the amount of money they received in the form of kickback payments from John Doe #1 in requisitions for payment they submitted to HPD and to other parties participating in HPD projects, such as the United States Department of Housing and Urban Development ("HUD") and various private lenders (together, "HPD and its partners"), thereby passing on the costs of their own corrupt activity to HPD and its partners. To further conceal the true nature of these kickback payments, DUNN,

4

HYMOWITZ and FREEMAN provided John Doe #1 with a sham retainer agreement for Hymowitz & Freeman's legal services and provided John Doe #1 with false and inflated invoices for services and supplies from, among others, 334 Marcus Garvey Boulevard Corporation.

11.   Similarly, in or about and between January 2005 and October 2011, both dates being approximate and inclusive, the defendant STEVENSON DUNN together with others, solicited and received kickback payments from John Doe #2 in connection with the award of general contracting and real estate development work with the SML Entities on HPD projects.  DUNN included and caused to be included the amount of money he received in the form of kickback payments from John Doe #2 in requisitions for payment that he, together with others, submitted to HPD and its partners.  To further conceal the true nature of these kickback payments, DUNN provided John Doe #2 with inflated invoices for services and supplies from, among others, 334 Marcus Garvey Boulevard Corporation.  In addition, when John Doe #2 failed to pay some of the kickback payments demanded by DUNN, DUNN threatened John Doe #2 and his family with force, violence and fear.  Moreover, in or about and between 2007 and 2008, DUNN made a cash bribe payment to John Doe #3.

COUNT ONE
(Racketeering Conspiracy)

12.    The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

13.    In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, being persons employed by and associated with HPD, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

14.    The pattern of racketeering activity through which the defendant STEVENSON DUNN, together with others, agreed to conduct the affairs of the enterprise consisted of Racketeering Acts One through Seven, set forth below.   DUNN agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

6

RACKETEERING ACT ONE
(Mail Fraud - John Doe #1 Kickback Payments)

15.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

16.   It was part of the scheme and artifice that the defendant STEVENSON DUNN, together with others, would and did solicit bribe and kickback payments from John Doe #1 in connection with the award of general contracting and real estate development work with, among others, the SML Entities on HPD projects.   It was further part of the scheme and artifice that DUNN, together with others, would and did submit and cause to be submitted false requisitions for payments to HPD and its partners that included the amount of such kickback payments from John Doe #1.   It was further part of the scheme and artifice that such false requisitions would and did cause HPD and its partners to make payments to DUNN and others based upon such requisitions and that such payments from HPD and its partners would be and were used, in part, to fund bribe and kickback payments.

7

17.   On or about April 17, 2007, for the purpose of executing such scheme and artifice, the defendant STEVENSON DUNN, together with others, did place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, to wit: a payment voucher and related documents mailed from the address "Michael Freeman, 404 Park Avenue South, New York, New York 10016" to HUD at 100 Penn Square East, Philadelphia, Pennsylvania 19107, in violation of Title 18, United States Code, Sections 1341 and 2.

### RACKETEERING ACTS TWO AND THREE
(Wire Fraud - John Doe #1 Kickback Payments)

18.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

19.   It was part of the scheme and artifice that the defendant STEVENSON DUNN, together with others, would and did solicit bribe and kickback payments from John Doe #1 in connection with the award of general contracting and real estate development work with,

among others, the SML Entities on HPD projects.  It was further part of the scheme and artifice that DUNN, together with others, would and did submit and cause to be submitted false requisitions for payments to HPD and its partners that included the amount of such kickback payments from John Doe #1.  It was further part of the scheme and artifice that such false requisitions would and did cause HPD and its partners to make payments to DUNN and others based upon such requisitions and that such payments from HPD and its partners would be and were used, in part, to fund bribe and kickback payments.

20.  For the purpose of executing such scheme and artifice, the defendant STEVENSON DUNN, together with others, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers through New Jersey, in violation of Title 18, United States Code, Sections 1343 and 2, as set forth below:

| R.A. | APPROX. DATE | ORIGINATOR | RECIPIENT | APPROX. AMOUNT OF WIRE TRANSFER |
|------|--------------|------------|-----------|----------------------------------|
| ONE | Nov. 14, 2007 | Enterprise Community Loan Fund, Columbia, Maryland | Hymowitz & Freeman IOLA Account, New York, New York | $30,976.73 |

| TWO | Feb. 5, 2008 | Enterprise Community Loan Fund, Columbia, Maryland | Hymowitz & Freeman IOLA Account, New York, New York | $37,990.90 |
|-----|--------------|-----------------------------------------------------|------------------------------------------------------|-----------|

## RACKETEERING ACTS FOUR AND FIVE
(Wire Fraud - John Doe #2 Kickback Payments)

21.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

22.   It was part of the scheme and artifice that the defendant STEVENSON DUNN, together with others, would and did solicit bribe and kickback payments from John Doe #2 in connection with the award of general contracting and real estate development work with, among others, the SML Entities on HPD projects.   It was further part of the scheme and artifice that DUNN, together with others, would and did submit and cause to be submitted false requisitions for payments to HPD and its partners that included the amount of such kickback payments from John Doe #2.   It was further part of the scheme and artifice that such false requisitions would and did cause HPD and its partners to make payments to DUNN and others based upon such

10

requisitions and that such payments from HPD would be and were used, in part, to fund bribe and kickback payments.

23.  For the purpose of executing such scheme and artifice, the defendant STEVENSON DUNN, together with others, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers through New Jersey, in violation of Title 18, United States Code, Sections 1343 and 2, as set forth below:

| R.A. | APPROX. DATE | ORIGINATOR | RECIPIENT | APPROX. AMOUNT OF WIRE TRANSFER |
|------|--------------|------------|-----------|-------------------------------|
| FOUR | April 4, 2008 | The Community Preservation Corp., New York, New York | Hancock Street SML, LLC, New York, New York | $210,116.83 |
| FIVE | Oct. 15, 2008 | The Community Preservation Corp., New York, New York | Hancock Street SML, LLC, New York, New York | $283,409.96 |

## RACKETEERING ACT SIX
(Money Laundering Conspiracy and Money Laundering)

24.  The defendant STEVENSON DUNN agreed to the commission of the following acts, either one of which alone constitutes Racketeering Act Six:

A.    Money Laundering Conspiracy

25.    In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally conspire to engage in monetary transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Sections 1956(h) and 1957(a).

B.    Money Laundering

26.    In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally engage in monetary transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, and attempt to do so, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from

12

specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Sections 1957(a) and 2.

### RACKETEERING ACT SEVEN
(Bribery)

27.   In or about and between January 2007 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally confer, and offer and agree to confer, one or more benefits, to wit: cash payments, upon a public servant, to wit: John Doe #3, upon an agreement and understanding that such public servant's vote, opinion, judgment, action, decision and exercise of discretion as a public servant will thereby be influenced, in violation of New York Penal Law Sections 200.00 and 20.00.

### RACKETEERING ACT EIGHT
(Extortion)

28.   In or about and between January 2007 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, and attempt to do so, in that the defendant and others obtained and attempted to obtain property,

to wit: cash payments, from John Doe #2, with his consent, which consent was, and was to be, induced by wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

<u>COUNT TWO</u>
(Conspiracy to Commit Mail Fraud and Wire Fraud –
John Doe #1 Payments)

29.   The allegations contained in paragraphs 1 through 11, 16 and 19 are realleged and incorporated as if fully set forth in this paragraph.

30.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, (a) to place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, contrary to Title 18, United States Code, Section 1341; and (b) to transmit and cause

14

to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: interstate wire transfers, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

<u>COUNT THREE</u>
(Mail Fraud – John Doe #1 Payments)

31.   The allegations contained in paragraphs 1 through 11 and 19 are realleged and incorporated as if fully set forth in this paragraph.

32.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

33.   On or about April 17, 2007, for the purpose of executing such scheme and artifice, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and

15

delivered by the United States Postal Service, to wit: a payment voucher and related documents mailed from the address "Michael Freeman, 404 Park Avenue South, New York, New York 10016" to HUD at 100 Penn Square East, Philadelphia, Pennsylvania 19107.

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

COUNTS FOUR AND FIVE
(Wire Fraud – John Doe #1 Payments)

34.   The allegations contained in paragraphs 1 through 11 and 16 are realleged and incorporated as if fully set forth in this paragraph.

35.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud HPD and its partners, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

36.   For the purpose of executing such scheme and artifice, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did transmit and cause to be transmitted by means of wire communication in interstate and foreign

commerce, writings, signs, signals, pictures and sounds, to wit: wire

transfers through New Jersey, as set forth below:

| COUNT | APPROX. DATE | ORIGINATOR | RECIPIENT | APPROX. AMOUNT OF WIRE TRANSFER |
|-------|--------------|------------|-----------|---------------------------------|
| THREE | Nov. 14, 2007 | Enterprise Community Loan Fund, Columbia, Maryland | Hymowitz & Freeman IOLA Account, New York, New York | $30,976.73 |
| FOUR | Feb. 5, 2008 | Enterprise Community Loan Fund, Columbia, Maryland | Hymowitz & Freeman IOLA Account, New York, New York | $37,990.90 |

(Title 18, United States Code, Sections 1343, 2 and 3551

et seq.)

## COUNTS SIX AND SEVEN
(Wire Fraud - John Doe #2 Payments)

37.   The allegations contained in paragraphs 1 through 11

and 16 are realleged and incorporated as if fully set forth in this

paragraph.

38.   In or about and between January 2005 and October 2011,

both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendant STEVENSON DUNN,

together with others, did knowingly and intentionally devise a scheme

and artifice to defraud HPD and its partners, and to obtain money

and property by means of materially false and fraudulent pretenses,

representations and promises.

17

39.   For the purpose of executing such scheme and artifice, the defendant STEVENSON DUNN, together with others, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: wire transfers through New Jersey, as set forth below:

| COUNT | APPROX. DATE | ORIGINATOR | RECIPIENT | APPROX. AMOUNT OF WIRE TRANSFER |
|-------|--------------|------------|-----------|----------------------------------|
| SIX | April 4, 2008 | The Community Preservation Corp., New York, New York | Hancock Street SML, LLC, New York, New York | $210,116.83 |
| SEVEN | Oct. 15, 2008 | The Community Preservation Corp., New York, New York | Hancock Street SML, LLC, New York, New York | $283,409.96 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT EIGHT
(Money Laundering Conspiracy)

40.   The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

41.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN,

18

LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally conspire to engage in monetary transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h), 1957(b), 1957(d)(1) and 3551 et seq.)

## COUNT NINE
(Money Laundering)

42.   The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

43.   In or about and between January 2005 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, did knowingly and intentionally engage in monetary transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one

or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1957(a), 1957(b), 1957(d)(1), 2 and 3551 et seq.)

## COUNT TEN
### (Bribery)

44. The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

45. In or about and between January 2007 and December 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly, intentionally and corruptly give, offer and agree to give one or more things of value, to wit: cash payments, to John Doe #3, an agent of a local government agency, to wit: HPD, which agency received in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance in one or more one-year periods, with intent to influence and reward John Doe #3 in connection with business and one or more transactions

and series of transactions of HPD involving things of value of $5,000 or more.

(Title 18, United States Code, Sections 666(a)(2), 2 and 3551 et seq.)

COUNT ELEVEN
(Extortion)

46.   The allegations contained in paragraphs 1 through 11 are realleged and incorporated as if fully set forth in this paragraph.

47.   In or about and between January 2007 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVENSON DUNN, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, and attempt to do so, in that the defendant and others obtained and attempted to obtain property, to wit: cash payments, from John Doe #2, with his consent, which consent was, and was to be, induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

21

## FORFEITURE ALLEGATION AS TO COUNT ONE

48.   The United States hereby gives notice to the defendant STEVENSON DUNN that, upon conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offense to forfeit:

(a)   any interest such defendant has acquired and maintained an interest in, in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

(b)   any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which such defendant has established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

(c)   any property constituting or derived from any proceeds such defendant obtained, directly and indirectly, from the racketeering activity or unlawful debt collection, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

49.  The interests and properties of such defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 1963(a)(1) and (a)(3), include, but are not limited to, a sum of money equal to at least $22 million in United States currency, for which the defendant is jointly and severally liable.

50.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant STEVENSON DUNN:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation, including, but not limited to, the following assets:

23

(1)   real property and premises known as 142-144 Decatur Street, Brooklyn, New York, designated on the New York City, Borough of Kings, Tax Map as Block: 01679, Lot: 0001, title to which is held in the name of 334 Marcus Garvey Boulevard Corporation, with Stevenson Dunn as Chairman and Chief Executive Officer (the "Decatur Street property"); and

(2)   real property and premises known as 18 Jesse's Way, Tisbury, Massachusetts, designated on the Middlesex County, Massachusetts Tax Map 18 as Parcel A 5.1, title to which is held in the name of Stevenson Dunn and Rodney Rasheed (the "Tisbury property").

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH SEVEN, TEN AND ELEVEN

63.   The United States hereby gives notice to the defendants that, upon conviction of any of the offenses charged in Counts Two through Seven, Ten and Eleven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offenses, or conspiracy to commit such offenses, to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable

24

to a violation of such offenses, including, but not limited to, the following:

### Money Judgment

(a)   a sum of money in United States currency, in an amount to be determined at trial, for which such defendants are jointly and severally liable.

64.   If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including, but not limited to, the following assets:

(1)   the Decatur Street property; and

(2)   the Tisbury property.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS EIGHT AND NINE

65.   The United States hereby gives notice to the defendants charged in Counts Eight and Nine that, upon conviction of any of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of any such offenses, or conspiracy to commit such offenses, to forfeit any and all property, real or personal, involved in such offenses, or any property traceable to such offenses.

66.   If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

26

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including, but not limited to, the following:

(1) the Decatur Street property; and

(2) the Tisbury property.

(Title 18, United States Code, Sections 982(a)(1) and 982(b); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27

No.

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

STEVENSON DUNN, LEE HYMOWITZ, and MICHAEL FREEMAN,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 666(a)(2), 981(a)(1)(C), 982(a)(1), 982(b), 1341, 1343, 1349, 1951(a), 1956(h), 1957(a), 1957(b), 1957(d)(1), 1962(d), 1963, 1963(a), 1963(m), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c)))

_A true bill._

_____
                                     _Foreman_

_Filed in open court this _____ _day_,

_of _____ A.D. 20 _____

_____
                                     _Clerk_

Bail, $ _____

_**Cristina Posa, Assistant U.S. Attorney (718-254-6668)**_