UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,                     Indictment No.: 11 CR 683(S-2)(NG)

        v.

STEVENSON DUNN,
LEE HYMOWITZ, and
MICHAEL FREEMAN,

                 Defendants.
-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF THE OMNIBUS MOTION BY DEFENDANTS LEE HYMOWITZ AND MICHAEL FREEMAN

SERCARZ & RIOPELLE, LLP
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: 1-212-586-4900
*Attorneys for Lee Hymowitz*

LAW OFFICES OF GERALD J. DICHIARA
3 Park Avenue, 15th Floor
New York, NY 10016
Telephone: (212) 679-1958
*Attorneys for Michael Freeman*

<u>**INTRODUCTION**</u>

The current superseding Indictment represents a marked change from earlier versions in the following respects:[1]

First, Count Two of the Indictment which charged all three defendants with a conspiracy to engage in wire fraud was broadened to charge a conspiracy to commit both mail and wire fraud.  In addition, a new substantive count alleging mail fraud is charged against all three defendants.

Second, the defendants Lee Hymowitz and Michael Freeman are no longer charged in the substantive wire fraud counts relating to allegations that the defendants received kickback payments from John Doe #2 (these charges are contained in Counts Six and Seven in the S-2 Indictment).  And, with regard to the money laundering charges (Racketeering Act Six and Counts Eight and Nine in the S-2 Indictment) the specified unlawful activity is now wire fraud, not extortion and wire fraud, as previously charged.

Finally, Paragraph 2 of the Introduction to all counts of the Indictment alters the programs of the Department of Housing Preservation and Development ("HPD") that were allegedly implicated by the charges in the Indictment by adding the Neighborhood Homes and HomeWorks programs; and deleting the prior reference to the New Construction program. Paragraph 2 then broadens the alleged victims of the various fraud charges to include the U.S. Department of Housing and Urban Development as well as private lenders.  These entities are now described as "HPD and its partners."

These changes to the Indictment give rise to several motions, which are described more fully herein.

---

[1]  A copy of the S-2 Indictment is provided herewith as Exhibit A.  A letter by the government outlining the manner in which the S-2 Indictment alters prior versions of the Indictment is annexed hereto as Exhibit B.

## ARGUMENT

**I.    Count Three Of Indictment Should Be Dismissed**

In Count Three of the Indictment which alleges the crime of mail fraud, the only mailing described in that count took place on April 17, 2007 – more than five years prior to the filing the S-2 Indictment on January 22, 2014.  18 U.S.C. § 3282 provides that the statute of limitations for mail fraud and wire fraud prosecutions is five years; with the exception of fraud schemes that affect a financial institution.  In that case the limitations period is ten years.  See 18 U.S.C. § 3293.

A charge in a superseding indictment is barred by the statute of limitations if it occurs beyond the limitations period, and "broaden[s] the charges made in the first indictment" United States v. Grady, 544 F.2d 598, 601-602 (2d Cir. 1976). The Second Circuit, in Grady noted that "amendments of 'form' as opposed to substance are permissible," and "that 'trivial' or 'innocuous' amendments are acceptable," the Second Circuit affirmed because "to the extent any change of substance was made at all, the charges were narrowed, not broadened." Id. at 602.

**A.  The S-2 Indictment Materially Broadens The Charges Against The Defendants**

An indictment is broadened when it "broadens the possible bases for conviction beyond those presented by the grand jury." See United States v. Salmonese, 352 F.3d 608, 622 (2d Cir. 2003).  In determining whether a superseding indictment materially broadens or amends the original charges factors to be considered include, whether the additional pleadings "allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence."  Id. at 622 (citing United States v. Ben Zvi, 168 F.3d 49, 55 (2d Cir. 1999)). No single factor is determinative; rather, the touchstone of the analysis is whether the original indictment provided notice of the charges such that the defendant

can adequately prepare his or her defense. Id. at 622 (citing United States v. Gengo, 808 F.2d 1, 3 (2d Cir. 1986)).  United States v. Jackson, 749 F.Supp.2d 19 (N.D.N.Y. Nov. 9, 2010).

In this case, the charges have indeed been broadened in two material respects: First, the basis for establishing federal jurisdiction has been enlarged from use of the interstate wires to use of both wires and the mails.  The result is a new substantive count of mail fraud. Compare United States v. Rutkoske, 506 F.3d 170, 176 (2d Cir. 2007) (superseding indictment with no new charges, alleging two new overt acts, and extending conspiracy scope by one week held to simply flesh out or provide more detail about the originally charged crime without materially broadening or amending it); United States v. Abakporo, ___ F.Supp.2d ___, 2013 WL 1790685 *4 (S.D.N.Y. April 26, 2013) (superseding indictment does not relate back where it charges additional real estate transactions over a longer time period, contains a substantial amount of new evidence by way of six additional properties, and defendants face significantly higher sentences because increased loss amount).

More importantly, the list of alleged victims has been enlarged to include "HPD and its partners."  "[N]otice is the touchstone in deciding whether a superseding indictment substantially changes the original charges." United States v. Gengo, 808 F.2d 1, 3 (2d Cir.1986). Broadening the list of victims on the eve of trial without indicating how each alleged victim was defrauded wreaks havoc on the defendant's ability to prepare his defense against these charges. New factual allegations, evidence, or defenses amount to a substantial change. Id. at 4.

**B. The Five Year Statute Of Limitations Applies To Most, If Not All, Of The Alleged Victims Of The Fraud**

As indicated above, the five year statute of limitations in fraud cases applies unless the alleged scheme affects a "financial institution." See 18 U.S.C. § 3293.

Paragraph 10 of the S-2 Indictment, which describes the alleged scheme to defraud states the following in pertinent part:

> Dunn, Hymowitz and Freeman included and caused to be included the amount of money they received in the form of kickback payments from John Doe #1 in requisitions for payment they submitted to HPD and to other parties participating in HPD projects, such as the United States Department of Housing and Urban Development ("HUD") and various private lenders (together, "HPD and its partners") […]

Counts Two and Three of the Indictment then alleges that the defendants were engaged in a scheme and artifice to defraud "HPD and its partners."

The term "financial institution" is defined in 18 U.S.C. § 20 to include (1) an insured depository institution of the Federal Deposit Insurance Act; (2) a credit union; (3) a federal home loan bank; (4) a system institution of the farm credit system; (5)_ a small business investment company; (6) a depository institution holding company; (7) a federal reserve bank; (8) an organization operating  under the Federal Reserve Act; (9) a branch or agency of a foreign bank; or (10) a mortgage lending business or any person or entity that makes federally related mortgage loans.  See 18 U.S.C. § 20.

It does not appear that HPD, HUD, or any of the various private lenders alleged as victims qualifies as a "financial institution" within the meaning of this section.  Unless the government can establish that an individual or entity alleged to be a victim of the fraud meets the definition of a "financial institution;" then the allegations in Count Three of the S-2 Indictment are time-barred as to that alleged victim.

## II.      In The Alternative, The Defendant Requests A Bill Of Particulars

Should the Court not elect to dismiss these counts, then it should direct the government to submit the following particulars pursuant to Fed.R.Crim.P. Rule 7(f).  This will ensure that the jury does not have an opportunity to convict the defendants on a theory that substantially broadens the charges set forth in earlier versions of the Indictment, and which runs afoul of the applicable statute of limitations:

1. As to Count Three of the Indictment, list the date and nature of all of the relevant "mailings."

2. As to each individual or entity alleged to be a "victim" of the fraud, describe the manner in which the individual or entity was allegedly defrauded by the conduct of the defendants.

3. As to each individual or entity alleged to be a "victim" of the fraud, describe the manner in which the individual or entity qualifies as a financial institution within the meaning of 18 U.S.C. § 20.

## III.     The Defendants Hymowitz And Freeman Should Be Granted A Separate Trial From The Charges Of The Trial Accorded To Stevenson Dunn

The S-2 Indictment makes explicit what had been a matter of conjecture in earlier versions of this Indictment – namely, that the government will not introduce any evidence linking Hymowitz and Freeman to allegations that Dunn solicited or received extortionate payments from John Doe #2.  Thus, it appears that the evidence against Hymowitz and Freeman will be limited to testimony and exhibits pointing to (1) the alleged receipt of inappropriate payments from MCR Restoration Corp.; (2) the alleged overbilling for services provided by MCR Restoration Corp. in requests for compensation directed to HPD and the other entities which provided financing for the projects; and (3) alleged financial transactions in amounts exceeding $10,000 with proceeds of this alleged activity.

Hymowitz and Freeman are not charged with racketeering.  Hymowitz and Freeman are not alleged to have received inappropriate payments from George Armstrong (John Doe #2).  Hymowitz and Freeman are not alleged to have paid bribes to Wendell Walters (John Doe #3).  And, Hymowitz and Freeman are not alleged to have engaged in the only acts of violence described in the Indictment – namely, the attempts to extort payments from John Doe #2.

The defendants Hymowitz and Freeman move for severance from co-defendant Stevenson Dunn pursuant to F.R.C.P. 14(a) which provides that "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" where "joinder of … defendants in an indictment … appears to prejudice a defendant." In this case, we submit that the nature and volume of evidence admissible against Dunn alone is so prejudicial that no jury can be expected to follow a limiting instruction that they consider it against Dunn, alone.

In <u>United States v. DiNome</u>, 954 F.2d 839, 843 (2d. Cir. 1992), the defendants argued that the violent nature of the evidence against some defendants was prejudicial to others. The Second Circuit denied the claim as to those defendants who were also named in the racketeering counts, because the evidence most probably would have been admitted even if defendants had been accorded individual trials.  However, it reversed the convictions of two defendants for whom the evidence of violence would have been inadmissible. <u>Id</u>. at 844-45.

In this case, Hymowitz and Freeman are not charged with in the racketeering count that names Dunn.  The evidence of extortion is inadmissible as to them.  And, the prejudice arising from the introduction of this evidence is manifest.  <u>See</u> <u>United States v.</u>

Romero, 54 F.3d 56, 60 (2d Cir. 1995); United States. v. Villegas, 899 F.2d 1324, 1347 (2d Cir. 1990).

In United States v. Cervone, the court warned against spillover that "might influence a jury to attribute criminal intent to ambiguous conduct associating a particular defendant with a conspiracy." 907 F.2d 332, 342 (2d. Cir. 1990). This danger is especially real here.

Defendants renew their previous motion for severance in light of the superseding Indictment. "A trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear.... [W]here, as here, the charge which originally justified joinder turns out to lack the support of sufficient evidence, a trial judge should be particularly sensitive to the possibility of such prejudice." 954 F.2d at 845, quoting Schaffer v. United States, 362 U.S. 511, 516 (1960).

## <u>CONCLUSION</u>

For all of the foregoing reasons, defendants' motion should, in all respects, be granted.

Dated:  New York, New York
           February 7, 2014

Respectfully submitted,

SERCARZ AND RIOPELLE, LLP

By: <u>s/ Maurice H. Sercarz</u>
           810 Seventh Avenue, Suite 620
           New York, New York 10019
           Telephone: (212) 586-4900
           Email: msercarz@sercarzandriopelle.com
           *Attorneys for Lee Hymowitz*

LAW OFFICES OF GERALD J. DICHIARA

By: <u>s/ Gerald J. DiChiara</u>
           3 Park Avenue, 15th Floor
           New York, NY 10016
           Telephone: (212) 679-1958
           Email: jdichiarag@aol.com
           *Attorneys for Michael Freeman*