

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CMP/AMC
F. #2011R00414

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 18, 2014

By ECF

The Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Dunn, Hymowitz and Freeman
>       Criminal Docket No. 11-683 (S-1)(NG)

Dear Judge Gershon:

  In a letter dated February 10, 2014 (the "Defendant's Motion" or "Mot."), the defendant Lee Hymowitz objects to the government's excerpts of two recorded conversations from October 3, 2011: one between the defendant Lee Hymowitz and the individual identified as "John Doe #1" in the superseding indictment (S-2) and one between Hymowitz and Special Agent Nashaun Richards (who posed as John Doe #1's accountant in the conversation). The defendant Hymowitz moves in the alternative to admit the entirety of both recordings or to play additional portions of each recording under the "rule of completeness," pursuant to Fed. R. Evid. 106. The defendant's attempt to introduce self-serving hearsay that is not necessary to complete the context of the government's excerpts should be rejected.

A.  Applicable Law – The Rule of Completeness

  "Under the rule of completeness, '[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, or any other part - - that in fairness ought to be considered at the same time." United States v. Davis, 531 Fed. Appx. 65 (2d Cir. 2013) (quoting Fed. R. Evid 106). "Omitted portions of the 'statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" Id. (quoting United States v. Johnson, 507 F.3d 793 (2d Cir. 2007)).

The rule of completeness however, does not "require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Id. Furthermore, the rule of completeness "does not compel admission of otherwise inadmissible hearsay evidence." United States Football League v. Nat'l Football League, 842 F.2d 1335, 1375-76 (2d Cir. 1988). Such decisions are reviewed only for an abuse of discretion. United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011).

B.      Analysis

The government seeks to introduce excerpts of the two recorded conversations of the defendant Hymowitz (see Mot. Exhibits A-D) as statements of a party opponent pursuant to Fed. R. Evid. 801(d)(2). The statements that the defendant Hymowitz seeks to introduce are his own self-serving exculpatory statements that do not qualify as statements of a party opponent and, therefore, are "otherwise inadmissible hearsay evidence." Id. at 1375-76; United States v. Ortega, 203 F.3d 2000 (9th Cir. 2000) (defendant's "non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements [because] the non-self-inculpatory statements are inadmissible hearsay").

The government seeks to introduce the excerpted conversations to establish that the defendant Hymowitz and co-defendant Freeman (in other recorded conversations the government intends to introduce that are not the subject of this motion) were unable to produce an itemized bill for $134,500 that John Doe #1 paid to the two lawyers as a kickback in connection with his work as a general contractor for a real estate development project on which all of the defendants (Hymowitz, Freeman and Stevenson Dunn) were real estate developers. The excerpted conversations, and other recordings, will also establish that Hymowitz and Freeman collectively gave a number of inconsistent explanations for not being able to produce an itemized bill, all of which corroborate the government's claim that the $134,500 paid by John Doe #1 to the two lawyers was a kickback covered by a sham retainer agreement.

The Second Circuit has held in similar circumstances that a defendant cannot use Fed. R. Evid. 106 to introduce otherwise inadmissible exculpatory hearsay. For example, in United States v. Yildiz, 85 Fed. Appx. 239 (2d Cir. 2004), the government introduced excerpts of a guilty plea of a co-defendant and the defendant sought to introduce an additional portion of the guilty plea. The defendant in Yildiz was charged with Hobbs Act robbery and the co-defendant had stated in the guilty plea colloquy that he did not discuss the charged robbery with the defendant. Id. at 242. The Court held that it was not error to refuse to introduce the additional, exculpatory hearsay under Fed. R. Evid. 106 because the statement was not otherwise admissible as a statement against penal interest or the residual hearsay exception pursuant to Fed. R. Evid 807. Id. (citing United States v. Jackson, 335 F.3d 170, 179 (2d Cir. 2003). Similarly, the self-exculpatory excerpts that the defendant Hymowitz seeks to introduce are not otherwise admissible as statements of a party opponent since it is the defendant's own statements that he seeks to introduce.

As the defendant explains in his moving papers, he seeks to introduce the additional excerpts for the purpose of establishing (1) whether Hymowitz recalled the fact that money was paid; (2) whether Hymowitz recalled the nature of the legal services performed for

John Doe #1; and (3) whether his claim that billing records are not maintained referred to the retainer agreement between Hymowitz's firm and John Doe #1 or the billing practices of the firm.  (Mot. at 3).  Hymowitz's rationale for introducing these additional statements is plain:  Far from seeking to prevent the jury from being misled,  Hymowitz is seeking to put before the jury a defense to the fraud scheme while avoiding having to testify and face the perils of cross-examination.  In Ortega, 203 F.3d at 681, the court refused to permit a defendant to elicit his own exculpatory statements during the cross-examination of a law enforcement witness who was used to introduce inculpatory portions of the defendant's oral confession.  In denying the defendant's motion, the court explained that "[i]f the district court were to have ruled in his favor, [the defendant] would have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'"  Id. (quoting United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988)).

The defendant argues that the government "should not prevent the jury from considering . . . alternative" theories (Mot.at  6).  Fed. R. Evid. 106, however, is meant to prevent the introduction of selected excerpts from misleading a jury or the introduction of statements out of context.  The rule is not a method for the defense to introduce through the backdoor evidence of defense theories that are otherwise inadmissible.  United States Football League, 842 F.2d at 1375-76.  The defense is free (although not obligated) to introduce evidence of these alternative defense theories by calling Hymowitz as a witness to explain to the jury why he could not produce an itemized bill for $134,500 or his purported lack of memory at the time of the conversations.  See United States v. Weisman, 624 F.2d 1118, 1128-29 (2d Cir. 1980).

Moreover, the portions of the conversation that the defendant Hymowitz proposes to introduce under the rule of completeness are not necessary to complete the context of either conversation but rather are self-serving hearsay that do "not embody the necessary 'circumstantial guarantees of trustworthiness' and [are] not 'more probative' than other evidence that could be procured by [the defendant], including his own testimony."  United States v. Weisman, 624 F.2d 1118, 1128-29 (2d Cir. 1980).

Here, Hymowitz certainly had every reason to make self-exculpatory statements to John Doe #1, who had already been publicly indicted and arrested by federal authorities and who Hymowitz certainly may have suspected was recording him.  Thus, Hymowitz's exculpatory statements do not carry the circumstantial guarantees of trustworthiness necessary to admit such hearsay under the residual hearsay exception.  See Fed. R. Evid. 807(a)(1) (the statement must have "equivalent circumstantial guarantees of trustworthiness").

Finally, Hymowitz's request to play the entire recordings of the October 3, 2011 conversations between Hymowitz and John Doe #1 and Hymowitz and Special Agent Richards is equally unavailing.  (Mot. at 4)  The entire recordings are inadmissible for the same reasons that the excerpts requested by the defense are inadmissible and there is no additional reason to play the entirety of each recording.  The defendant is simply attempting to introduce self-serving hearsay that is otherwise inadmissible.

C.     <u>Conclusion</u>

       For the foregoing reasons, the defendant's motion to introduce additional excerpts of conversations or to introduce those conversations in their entirety, pursuant to Fed. R. Evid. 106 should be denied.


                          Respectfully submitted,

                          LORETTA E. LYNCH
                          United States Attorney

By:    <u>/s/ Anthony M. Capozzolo</u>
                          Cristina M. Posa
                          Anthony M. Capozzolo
                          Assistant U.S. Attorneys
                          (718) 254-6668/3454