SERCARZ & RIOPELLE, LLP

810 SEVENTH AVENUE SUITE 620
NEW YORK, NEW YORK 10019
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

February 24, 2014

***VIA ECF & MAIL***

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

***Re: United States v. Dunn, et al., 11 CR 683 (S-2)(NG)***

Your Honor:

I write in response to the government's motion, in limine, to preclude the expert testimony set forth in our Notice dated February 10, 2014. For the reasons that follow, the testimony meets the requirements of Fed.R.Evid. Rules 702 and 703 and, therefore, should be admitted.

**Background**

The second superseding Indictment describes the criminal scheme in which the defendants Hymowitz and Freeman allegedly participated as follows:

> 10. In or about and between January 2005 and October 2011, both dates being approximate and inclusive, the defendants STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN, together with others, solicited and received kickback payments from John Doe #1 in connection with the award of general contracting and real estate development work with the SML Entities on HPD projects. DUNN, HYMOWITZ and FREEMAN included and caused to be included the amount of money they received in the form of kickback payments from John Doe #1 in requisitions for payment they submitted to HPD and to

> other parties participating in HPD projects, […] to further conceal the true nature of these kickback payments, DUNN, HYMOWITZ and FREEMAN provided John Doe #1 with a sham retainer agreement for Hymowitz & Freeman's legal services […]

Annexed hereto as **Exhibit A** is a copy of the retainer agreement referenced in the Indictment.

**<u>The Legal Requirement For Expert Testimony</u>**

Fed.R.Evid. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Rule 703 provides that an expert may base an opinion on facts or data in the case "that the expert has been made aware of or personally observed." Indeed, even if the facts or data were, themselves, inadmissible, the proponent of the opinion may disclose them to the jury "if there probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."

**Michael S. Ross, Esq. Is Qualified To Provide Expert Opinions On Matters Relating To Attorney Ethics; The Content And Structure Of Fee Agreements; <u>And Common Practices With Respect To Attorney Billing And Record Keeping.</u>**

Michael S. Ross, Esq., an attorney licensed to practice law since 1975, focuses his practice on the representation of attorneys in disciplinary matters and in the field of criminal defense. His *curriculum vitae*, attached as an Exhibit to the Expert Notice, amply demonstrates that he is qualified to render opinions on matters relating to attorney ethics; the content and structure of fee agreements between attorneys and their clients; and common practices in the New York legal community with respect to billing and record keeping. Mr. Ross is well-known in the New York legal community for his expertise in the field of attorney discipline and, in a <u>New York Law Journal</u> article in 2004, was described as one of "two of the city's most experienced lawyers in disciplinary matters…." ("Court Publicly Censures High-Visibility Firm," <u>New York Law Journal</u>, Vol. 231, May 21, 2004, p. 1, col. 5.) The scope and volume of

Mr. Ross' teaching and lecturing over the decade since that 2004 article, as reflected in his *curriculum vitae*, confirms that he is highly experienced in attorney disciplinary matters.

The government argues in its February 18th letter, p. 4, that it is "not apparent" that Mr. Ross' testimony would be based on "sufficient facts or data." Mr. Ross' trial testimony would, in fact, demonstrate that: 1) he has taught literally thousands of law students over the years; 2) he has taught literally thousands of admitted lawyers over the years at continuing legal education conferences; and 3) he has represented and/or otherwise consulted with hundreds of attorneys over the years regarding retainer agreements, maintenance (and lack of maintenance) of required financial records, etc. It is not, therefore, accurate for the government to assert that Mr. Ross' testimony would not be based upon "sufficient facts or data."

**Mr. Ross' Expert Opinions Will Assist The Jury To Understand The Nature Of The Retainer Agreement At Issue.**

Mr. Ross will testify that the retainer agreement at issue contains the hallmarks of a "general retainer" agreement.

The government has focused on one line in the retainer agreement which reads: "This retainer is non-refundable," and draws from this single phrase the conclusion that the retainer agreement was illegal and unethical. However, the government has overlooked other key aspects in the document. It is entitled a "general retainer." It runs for a particular time period. And it obligates the Hymowitz & Freeman law firm to represent MCR Restoration Corporation "for all legal services required in the 2007 year."

Mr. Ross will testify that a "general retainer" agreement is an agreement whereby an attorney holds himself/herself available to perform all legal work which may be required on behalf of a particular client during a specified period of time. He will also testify that the rule prohibiting non-refundable retainers does not, as a matter of New York law, apply to general retainers.

Mr. Ross will testify that a law firm will have performed its obligations pursuant to such a general retainer agreement and earned the agreed-upon fee, if it committed, at the outset of the engagement, to perform the work for the designated period, regardless of the amount of actual legal work the firm was asked to perform and did perform. The fee in a general retainer matter is earned upon the pledge to perform the work and, accordingly, a firm is not ethically required to keep billing records of hours worked in a general retainer matter.

It cannot seriously be disputed that if Mr. Hymowitz testifies or is otherwise able to demonstrate that the agreement evidences a contract and that he performed pursuant to the contract, then the expert testimony will be relevant.

Should the government be permitted to offer evidence regarding the rule against non-refundable retainers, then it is relevant and probative for the defense to offer expert testimony regarding the circumstances under which general retainer agreements are appropriate

under the ethics rules and the fact that general retainer agreements are not subject to the rule against non-refundable retainers

**Mr. Ross' Expert Testimony Regarding The Failure By Attorneys To Maintain Billing Records Is Relevant And Probative.**

The government, no doubt, intends to focus on statements made by Mr. Hymowitz during a telephone conversation with Special Agent Naushaun Richards in which Special Agent Richards was disguising himself as an IRS agent seeking information necessary to represent Bogdan Starzecki, the owner of MCR Restoration Corporation, in a tax audit. Special Agent Richards discussed with Mr. Hymowitz the requirement that Hymowitz have available billing records concerning the work performed by the Hymowitz & Freeman law firm on behalf of MCR Restoration Corporation. During the conversation, Mr. Hymowitz acknowledged that it was his practice not to maintain billing invoices once the bills were paid. The government has already announced that it seeks to infer from this admission that no consideration was extended pursuant to this particular retainer agreement; and that no work was performed on behalf of MCR Restoration Corporation. However, Mr. Hymowitz readily acknowledged that this was the way his firm did business with regard to all of Mr. Hymowitz's clients.

Mr. Ross is in a position to testify, based upon his experience in representing clients before disciplinary and grievance committees over a period of decades, and from his consultations with hundreds of attorneys over the years whose matters had not come to the attention of such committees and who have failed to keep the requisite billing records, that there is an unfortunate but common practice, even among otherwise law abiding attorneys, of not maintaining the requisite billing records.

The testimony to be provided by Mr. Ross is not only relevant, but crucial, in assisting the jury to determine the strength of the inference the government seeks to have it draw from evidence regarding the failure to maintain billing records.

**The Evidence To Be Provided By Mr. Ross Is Not A Subterfuge**

We reiterate what is already contained within the Notice –Mr. Ross will testify and provide expert opinions "based upon evidence to be elicited during the defense case." We are mindful of our obligation to produce discovery material regarding the defense case once it becomes apparent that such evidence will be elicited at the trial. In its motion in limine, the government suggests that we are offering Mr. Ross' testimony as a subterfuge to avoid eliciting testimony from Mr. Hymowitz during the trial. In fact, Mr. Hymowitz may testify and such testimony would, indeed, provide a basis for the opinion testimony to be rendered by Mr. Ross. Should we elect to call Mr. Hymowitz as a witness, and should there be any material arising from his testimony that is properly discoverable, we will provide it. However, we are not obligated to provide the government with a synopsis of Mr. Hymowitz's testimony simply because we may intend to call him as a witness.

**Conclusion**

For all the reasons set forth herein, we respectfully submit that the proffered testimony by Mr. Ross is, in all respects, admissible.

Most respectfully yours,

/S/

Maurice H. Sercarz

MHS:vmp
Encl.

cc: AUSA Christina Posa (via ECF)

AUSA Anthony Capozzolo (via ECF)