UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,                    Indictment No.: 11 CR 683(S-2)(NG)

      v.


STEVENSON DUNN,
LEE HYMOWITZ, and
MICHAEL FREEMAN,

                Defendants.
--------------------------------------------------------x




## PROPOSED REQUESTS TO CHARGE ON BEHALF OF
## DEFENDANTS LEE HYMOWITZ AND MICHAEL FREEMAN




SERCARZ & RIOPELLE, LLP
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: 1-212-586-4900
*Attorneys for Lee Hymowitz*

LAW OFFICES OF GERALD J. DICHIARA
3 Park Avenue, 15th Floor
New York, NY 10016
Telephone: (212) 679-1958
*Attorneys for Michael Freeman*

## TABLE OF CONTENTS

PREMLIMNARY STATEMENT ................................................................................... 1

NO. 1 - JURY INSTRUCTIONS .................................................................................. 3

NO. 2 - ROLE OF THE COURT ................................................................................... 3

NO. 3 - ROLE OF THE JURY ...................................................................................... 4

NO. 4 - JUROR OATH ................................................................................................. 5

NO. 5 - JURY TO DISREGARD COURT'S VIEW ...................................................... 5

NO. 6 - CONDUCT OF COUNSEL .............................................................................. 6

NO. 7 - REMARKS TO COUNSEL .............................................................................. 7

NO. 8 - PRESUMPTION OF INNOCENCE & BURDEN OF PROOF ........................ 7

NO. 9 - REASONABLE DOUBT .................................................................................. 8

NO. 10 - THE GOVERNMENT AS A PARTY ............................................................. 9

NO. 11 - WHAT IS AND IS NOT EVIDENCE ........................................................... 10

NO. 12 - DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................ 11

NO. 13 - INFERENCE DEFINED ............................................................................... 12

NO. 14 - WITNESS CREDIBILITY ............................................................................ 13

NO. 15 - BIAS ............................................................................................................. 15

NO. 16 - DISCREPANCIES IN TESTIMONY ........................................................... 15

NO. 17 - IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS ............... 16

NO. 18 - EVIDENCE OF MOTIVE ............................................................................ 17

NO. 19 - ACCOMPLICE/COOPERATING WITNESS TESTIMONY ....................... 17

NO. 20 - ACCOMPLICE/COOPERATING WITNESS TESTIMONY-GUILTY PLEA ........... 20

NO.  21 - [CHARACTER TESTIMONY](If Requested) ............................................. 20

NO. 22 - UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES ................. 21

NO. 23 - PERSONS NOT ON TRIAL ......................................................................... 22

NO. 24 - PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED ..................... 22

NO. 25 - EXPERT TESTIMONY ................................................................................ 22

NO. 26 - CHARTS AND SUMMARIES ..................................................................... 23

NO. 27 - STIPULATIONS OF TESTIMONY ............................................................. 24

NO. 28 - STIPULATIONS OF FACT .......................................................................... 24

NO. 29 - PREPARATION OF WITNESSES ............................................................... 24

NO. 30 - DEFENDANT'S TESTIMONY .................................................................... 25

NO.  31 - [DEFENDANT'S RIGHT NOT TO TESTIFY] ........................................... 25

NO. 32 - NOT CRIMINAL TO FAIL TO REPORT A CRIME .................................................... 26

NO. 33 - ADMISSION OF A DEFENDANT ............................................................................. 26

NO. 34 - IMPROPER CONSIDERATIONS: RACE, RELIGION, SEXUAL ORIENTATION, FAMILY STATUS, NATIONAL ORIGIN, SEX, AGE, ETC. ................................... 26

NO. 35 - IMPROPER CONSIDERATION: PUNISHMENT ...................................................... 26

NO. 36 - MULTIPLE COUNTS/MULTIPLE DEFENDANTS .................................................... 27

NO. 37 - GOOD FAITH ........................................................................................................ 29

NO. 38 - IMPERMISSIBLE TO INFER PARTICIPATION FROM MERE PRESENCE ........ 30

NO. 39 - IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION .............. 31

## PREMLIMNARY STATEMENT

The defendants Hymowitz and Freeman write the following in response to the Government's Requests to Charge dated February 10, 2014.

The defendants object to the Government's proposal to instruct the jury, simultaneously, on the elements of Racketeering Conspiracy and Racketeering – with which Hymowitz and Freeman are not charged – and Conspiracy, Fraud and Money Laundering, with which the defendants are charged.

This format will prompt confusion among the jurors. It will cause the Court to address the elements of the crimes charged against Hymowitz and Freeman at a time when the jury is not focused on the guilt or non-guilt of those defendants. Worse, it may suggest to the jurors that the decision not to charge Hymowitz and Freeman with Racketeering Conspiracy and Racketeering was the product of leniency or compromise by the grand jury.

Instead, we request that the Court adhere to the traditional format of considering the counts in numerical order. When the Court reaches the specific elements of those counts which also serve as predicate racketeering acts, it can reference the earlier instructions to avoid repetition.

General Instructions 1-36 are drawn from the charge approved by Laura Taylor Swain, United States District Court Judge for the Southern District of New York, in United States v. Bonventre, et al., 10 CR 228 (LTS). Instructions 37-39 are drawn from Sand, Siffert, Loughlin et. al., Modern Federal Jury Instructions.

Thereafter, we recommend that the Court instruct the jury regarding the elements of Conspiracy to commit mail fraud and wire fraud (Count 2), Mail Fraud (Count 3), Wire Fraud

(Counts 4-7), Conspiracy to commit Money Laundering (Count 8) and Money Laundering

(Count 9), in accordance with Sand, Siffert, Loughlin et. al., <u>Modern Federal Jury Instructions</u>.

Finally, we reserve additional objections to the government's Request to Charge

until a charge conference is scheduled at the Court's convenience.

## <u>NO. 1 - JURY INSTRUCTIONS</u>

Ladies and gentlemen, I now am going to instruct you on the law, before you begin your deliberations. You must pay close attention and I will be as clear as possible.

It has been obvious to me and to counsel that you have faithfully discharged your duty to listen carefully and observe each witness who testified.

Your interest has never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

The following instructions are rather extensive, so let me provide you  with a brief overview of what to expect. I'll begin by instructing you on very important rules that are generally applicable to all criminal jury trials. Then, I will  proceed to review the counts which are charged in the Indictment and instruct you on the specific rules of law that you will have to consider in deciding each count.

Finally, I will instruct you on the procedures you should follow while conducting your deliberations.

## <u>NO. 2 - ROLE OF THE COURT</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the Government and for the Defendants.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you would consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## NO. 3 - ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses.

You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact issue, evidence. In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer which is evidence.

4

But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Government has proven its case.

You are to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice for or  against any party.

## NO. 4 - JUROR OATH

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

## NO. 5 - JURY TO DISREGARD COURT'S VIEW

I have not expressed, nor have I intended to intimate, any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law that I

give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the Court has been called upon to pass upon the admissibility of certain evidence. I have tried to do so, in so far as it was practicable, out of your hearing. The reasons for any such rulings are not your concern and you are not to draw any inferences from them. Whether evidence is admissible is purely a question of law in the province of the Court and outside the province of the jury. In admitting evidence to which objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely, entirely, any evidence which has been ruled out of the case by the Court, and you must refrain from speculation or conjecture or any guesswork about the nature or effect of any discussion between Court and counsel held out of your hearing or sight.

## NO. 6 - CONDUCT OF COUNSEL

It is the duty of the attorney for each party in the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or the party the attorney represents because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

6

As I have already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion on my part as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the Court.

## NO. 7 - REMARKS TO COUNSEL

It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

I would like to express my gratitude to each of the attorneys for their conscientious efforts and for work well done.

## NO. 8 - PRESUMPTION OF INNOCENCE & BURDEN OF PROOF

Each of the Defendants has pleaded not guilty to the Indictment, which contains the charges for which he is now on trial.

As a result of each Defendant's plea of not guilty, the burden is on the prosecution, which I refer to in this Charge as the Government, to prove individually each of the Defendants guilty beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

7

The law presumes each of the individual Defendants to be innocent of all the charges against him or her. I therefore instruct you that each Defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the Government has proven that individual Defendant guilty beyond a reasonable doubt.

Each of the Defendants begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a Defendant unless you as jurors are, unanimously, convinced beyond a reasonable doubt of that Defendant's guilt, after a careful and impartial consideration of all of the evidence in this case.

If the Government fails to sustain its burden as to any Defendant you are considering, you must find that Defendant not guilty.

This presumption was with each Defendant when the trial began and remains with each Defendant even now, as I speak to you, and will continue with each Defendant into your deliberations unless and until you are convinced that the Government has proven that Defendant guilty beyond a reasonable doubt.

## NO. 9 - REASONABLE DOUBT

I have said that the Government must prove each Defendant guilty beyond a reasonable doubt. The question naturally is: what is a reasonable doubt?

The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a caprice or whim; it is not speculation or

8

suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the Government to prove guilt beyond a reasonable doubt. The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to any Defendant, which means that it is always the Government's burden to prove each of the elements of each of the crimes charged against each of the Defendants beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt as to the guilt of an individual Defendant, it is your duty to acquit that Defendant of the charge you are considering. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied of that Defendant's guilt beyond a reasonable doubt, it is your duty to convict on that charge.

## NO. 10 - THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform this duty in an attitude of complete fairness and impartiality.

This case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to each of the Defendants, who have pleaded not guilty to serious criminal charges.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

9

## <u>NO. 11 - WHAT IS AND IS NOT EVIDENCE</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations agreed to by the parties.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

An example of this is a lawyer's question of a witness: "When did you stop drinking excessively?" You would not be permitted to consider as true the assumed fact that the witness had ever been drinking excessively unless the witness herself indicated that she had, or unless there was some other evidence in the record that the witness had been drinking excessively.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness's credibility, or as against a particular Defendant only – you must follow any limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.

10

However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence, exhibits must be received in evidence. Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the Court.

Materials brought forth only to refresh a witness's recollection are not evidence.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

To follow up on a statement I made a moment ago, during the trial, I admitted certain evidence against only one Defendant. You must consider this evidence only against the Defendant in question. You must not consider the evidence in the case against any other Defendant. Each Defendant is entitled to have his or her case decided just on the evidence which applies to him or her.

Likewise, when I have admitted certain evidence only for a particular purpose and not generally, you may give this evidence the weight you feel it deserves for the limited purpose for which the evidence was received. You may not use this evidence for any other purpose not specifically mentioned.

## NO. 12 - DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony about something the witness knows by virtue of his or her own senses – something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit, where the fact to be proved is embodied in a document or other object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Here is a simple example of circumstantial evidence. Assume that, when you came into the courthouse this morning, it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with a wet coat and hat. Then, a few minutes later, another person entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had begun to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense, from one established fact, the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

## NO. 13 - INFERENCE DEFINED

You have heard the term "infer," and in their arguments the attorneys may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Government may ask you to draw one set of inferences, while the defense may ask you to draw another.

It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw – but are not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inference as would be justified in light of your experience.

## NO. 14 - WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by the Government and by the various Defendants. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

13

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor – that is, the person's carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

There has been evidence that a witness who testified at this trial lied under oath at another proceeding. I must warn you that the testimony of this witness should be viewed cautiously and weighed with great care. It is, however, for you to decide how much of his testimony, if any, you wish to believe.

14

It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me as the judge, to decide the credibility of witnesses who appeared here and the weight that their testimony deserves.

What you must try to do in deciding credibility is to size a witness up in light of the witnesses' demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

## NO. 15 - BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased,  you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

## NO. 16 - DISCREPANCIES IN TESTIMONY

You may have heard evidence of discrepancies in the testimony of certain witnesses, and counsel may have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his

15

testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him or herself. It is also a fact that two people witnessing an event may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

## NO. 17 - IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

You have heard evidence that at some earlier time a witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining whether the criminal charges in this case have been proven or not. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had

16

an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## NO. 18 - EVIDENCE OF MOTIVE

You have heard evidence about the Defendants' motives for committing the crimes charged. Proof of motive is not a necessary element of the crimes with which the Defendants are charged. Proof of motive does not establish guilt, nor does lack of motive establish that a Defendant is innocent.

If the guilt of the Defendant that you are considering is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of the Defendant that you are considering.

## NO. 19 - ACCOMPLICE/COOPERATING WITNESS TESTIMONY

You have heard from witnesses who testified that they were actually involved in carrying out aspects of the crimes charged in the Indictment. There has been a great deal said about these so-called accomplices or cooperating witnesses in the summations of counsel and about whether you should believe them. The Government argues, as it is entitled to do, that it frequently must rely on the testimony of witnesses who admit to participating in the alleged crimes at issue. It argues that it must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to

17

detect and prosecute wrongdoers. For these very reasons, the law allows the use of such testimony.

Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt. That said, because of the possible interest an accomplice or a cooperating witness may have in testifying, such a witness's testimony should be scrutinized with special care and particular caution in deciding how much, if any, of the cooperating witness's testimony to believe.

Whether a witness has admitted to committing a crime, can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, he or she is incapable of telling the truth about what happened or did not happen.

The testimony of an accomplice or a cooperating witness should be given such weight as it deserves in light of the particular facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, the extent to which his or her testimony is or is not corroborated by other evidence in the case, and his or her motive or reasons for testifying and cooperating with the Government. You may consider whether an accomplice or cooperating witness has an interest in the outcome of the case, or had any other incentive to fabricate, and if so, whether it influenced his or her testimony. You have heard testimony about agreements between the Government and the accomplice or cooperating witnesses.

I caution you that it is not your concern why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you. You may, however, consider in this connection the provisions of the cooperation agreement between a witness and the Government in making your determination as to whether the witness has given truthful trial testimony.

The cooperation agreements that have been admitted into evidence require the witnesses to, among other things, testify truthfully. They also provide that, if the Government determines that the witness has abided by the terms of the cooperation agreement and has provided substantial assistance in an investigation or prosecution of another person, the Government will file a so-called "5K1.1" letter. Section 5.K.1.1 of the United States Sentencing Guidelines authorizes a court to depart downward from the Sentencing Guidelines when sentencing the cooperating witness, upon a motion by the Government stating that the witness has "provided substantial assistance in the investigation or prosecution of another person who has committed an offense."

In evaluating the testimony of cooperating witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause him to tell the truth? Did this motivation color the witness's testimony?

19

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of an accomplice or a cooperating witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept the testimony as credible and act upon it accordingly. As with any witness, the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it. This is a determination that is entirely for you, the jury.

## NO. 20 - ACCOMPLICE/COOPERATING WITNESS TESTIMONY-GUILTY PLEA

You have heard testimony from Government witnesses who have pleaded guilty to charges arising in part out of some of the same facts that are at issue in this case. You are instructed, however, that you are to draw no conclusions or inferences of any kind about the guilt of any individual Defendant merely from the fact that a prosecution witness pleaded guilty to charges that may be similar.

The decision of that witness to plead guilty was a personal decision that witness made about that witness's own guilt. It may not be used by you in any way as evidence against or unfavorable to any of the Defendants on trial here.

You may not infer that a particular Defendant was guilty of participating in criminal conduct merely from the fact that he or she associated with other people who were guilty of wrongdoing.

## NO.  21 - [CHARACTER TESTIMONY] (If Requested)

[[Some Defendants have] called witnesses who have given their opinion of the good character of the Defendants. This testimony is not to be taken by you as the witness's

20

opinion as to whether a particular Defendant is guilty or not guilty. That question is for you alone to determine. You should, however,   consider this character evidence together with all the other facts and all the other evidence in the case in determining whether a particular Defendant is guilty or not guilty of the charges against that Defendant.

Accordingly if, after considering all the evidence including testimony about a Defendant's good character, you find a reasonable doubt has been created, you must acquit him or her of all the charges.

On the other hand, if after considering all the evidence including that of a Defendant's character, you are satisfied beyond a reasonable doubt that the Defendant you are considering is guilty, you should not acquit the Defendant merely because you believe that Defendant to be a person of good character.]

## NO. 22 - UNCALLED WITNESS - EQUALLY AVAILABLE TO BOTH SIDES

There are persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that every party had an equal opportunity or lack of opportunity to call any of these witnesses.

You should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way. You should, however, remember my instruction that no defendant in a criminal case has a burden or duty of calling any witness or producing any evidence. You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

21

## NO. 23 - PERSONS NOT ON TRIAL

You may not draw any inference, favorable or unfavorable, towards the Government or the Defendants from the fact that any person other than the Defendants is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may also not draw any inference, favorable or unfavorable, toward the Government or the Defendants from the fact that certain persons were not named in the Indictment. The fact that these persons were not named in this Indictment must play no part in your deliberations. Whether a person should be named as a coconspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the Defendants on trial.

## NO. 24 - PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED

You have heard reference to the fact that certain investigative techniques were not used by law enforcement authorities. There is no legal requirement, however, that the Government prove its case through any particular means. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not the Government has proven the guilt of each Defendant beyond a reasonable doubt.

## NO. 25 - EXPERT TESTIMONY

You have heard testimony from certain witnesses who were proffered as experts in different areas. An expert is allowed to express his or her opinion on those matters about

which he or she has specialized knowledge, training and experience. Expert testimony is

presented to you on the theory that someone who is experienced in a given field can assist you in

understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications,

opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply

when you are deciding whether or not to believe a witness's testimony. You may give the expert

testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept the witness's testimony merely because he or she is an expert.

Nor should you substitute it for your own reason, judgment, and common sense. The

determination of the facts in this case rests solely with you.

## NO. 26 - CHARTS AND SUMMARIES

Now, some of the exhibits that were admitted into evidence were in the form of

charts and summaries. I decided to admit these charts and summaries in place of and, at times,

along with the underlying documents that they represent in order to save time and avoid

unnecessary inconvenience. You should consider these charts and summaries as you would any

other evidence.

Where I have admitted summaries along with the underlying evidence, I have

done so in order to aid you in considering the evidence. The charts themselves are no better than

the testimony or documents upon which they are based, and are not themselves independent

evidence. Therefore, you are to give no greater consideration to these charts and summaries than

you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the

information contained in the testimony and in the exhibits on which they were based. You are

23

entitled to consider the charts and summaries if you find they are of assistance to you in analyzing and understanding the evidence.

## NO. 27 - STIPULATIONS OF TESTIMONY

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

## NO. 28 - STIPULATIONS OF FACT

In this case you have also heard evidence in the form of stipulations that contained facts that were agreed to be true. In such instances, you must accept those facts as true.

## NO. 29 - PREPARATION OF WITNESSES

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in Court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

24

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## NO. 30 - DEFENDANT'S TESTIMONY

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent until and unless you find guilt beyond a reasonable doubt.

In this case, Defendant Lee Hymowitz [and   ] did testify and was/[were] subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any other witness with an interest in the outcome of the case.

## NO.  31 - [DEFENDANT'S RIGHT NOT TO TESTIFY]

[The Defendant[s] [    ] did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove each defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to any defendant.

A defendant is never required to prove that he or she is innocent. Therefore, you may not attach any significance to the fact that a Defendant did not testify. You many not draw any adverse inference against any Defendant because he or she did not take the witness stand. You many not consider this against a Defendant in any way in your deliberations in the jury room.]

25

## NO. 32 - NOT CRIMINAL TO FAIL TO REPORT A CRIME

Furthermore, mere failure to report a felony is not a crime, and there is no general duty to report criminal activity to the authorities.

## NO. 33 - ADMISSION OF A DEFENDANT

There has been evidence that certain of the Defendants made statements in which the Government claims that they made admissions relevant to the charges in the Indictment. I instruct you that you are to give the statements such weight as you feel that they deserve in light of all the evidence.

## NO. 34 - IMPROPER CONSIDERATIONS: RACE, RELIGION, SEXUAL ORIENTATION, FAMILY STATUS, NATIONAL ORIGIN, SEX, AGE, ETC.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any issues relating to the sexual orientation, same sex or other marriage or domestic partnership status, family status, race, gender, national origin, age or other social or ethnic characteristics of the parties, witnesses and trial participants. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. It would also be improper for you to allow any feelings you might have about the nature or the notoriety of the crimes charged to interfere with your decision-making process.

## NO. 35 - IMPROPER CONSIDERATION: PUNISHMENT

The question of possible punishment of any Defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence, if necessary, rests exclusively with the Court. Your function is to weigh the evidence in the case and to determine, solely upon the basis of such evidence, whether or not each Defendant

is guilty beyond a reasonable doubt. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon a Defendant, if he or she is convicted, to influence your verdict in any way or to enter into your deliberations in any sense.

This concludes the general portion of the Instructions. I now turn to the specific charges against the Defendants and what is required to prove each charge.

### NO. 36 - MULTIPLE COUNTS/MULTIPLE DEFENDANTS

The Indictment in this case contains a total of eleven counts. There are three Defendants on trial before you: STEVENSON DUNN, LEE HYMOWITZ and MICHAEL FREEMAN.

You must consider each count of the Indictment and each Defendant's involvement, if any, in that count separately, and you must return a separate verdict on each Defendant for each count in which he or she is charged.

The number of counts charged against any particular Defendant is not evidence of the guilt of that individual, and should not influence your decision in any way.

In reaching your verdict, bear in mind that innocence and guilt are personal and individual. You must separately consider the evidence against each individual Defendant on each offense charged, and you must return a separate verdict for each Defendant on each count. For each individual Defendant and each count, you must decide whether the Government has proved beyond a reasonable doubt that the particular Defendant is guilty of the particular offense charged.

Your verdict of guilty or not guilty must be based solely upon the evidence. The case against each Defendant, on each count, stands or falls upon the proof or lack of proof at trial

against that Defendant alone, and your verdict as to any Defendant on any count should not influence your decision as to any other Defendant or any other count.

## NO. 37 - GOOD FAITH

Good faith is an absolute defense to the charges in this case.

If the defendant believed in good faith that the was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

Sand, Siffert, Loughlin et. al., Modern Federal Jury Instructions, Instruction 8-1

29

## NO. 38 - IMPERMISSIBLE TO INFER PARTICIPATION FROM MERE PRESENCE

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.

Sand, Siffert, Loughlin et. al., <u>Modern Federal Jury Instructions</u>, Instruction 6-3

## NO. 39 - IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

Sand, Siffert, Loughlin et. al., <u>Modern Federal Jury Instructions</u>, Instruction 6-4