

U.S. Department of Justice

United States Attorney
Eastern District of New York

SLR:LDM:CSK
F. #2011R01474

271 Cadman Plaza East
Brooklyn, New York 11201

March 21, 2014

By Hand and ECF

The Honorable Nina Gershon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Dunn, et. al.
                  Criminal Action  No. 11-CR-683(NG)

Dear Judge Gershon:

        In connection with the criminal forfeiture allegations in the above-captioned Superseding Indictment (the "Superseding Indictment"), the government respectfully submits that should any of the defendants, Stevenson Dunn, Lee Hymowitz, and/or Michael Freeman be convicted of any of the charges in the Superseding Indictment, that there is no basis for the jury to be retained for the forfeiture proceedings phase of this ongoing criminal action.

        As alleged in the Superseding Indictment, in the event defendant Dunn is convicted of the crimes charged in Count One (Racketeering Conspiracy), the government will seek forfeiture in accordance with Title 18 U.S.C. § 1963 (Superseding Indictment ¶¶ 48-50). Additionally, in the event any of the defendants, Dunn, Hymowitz and/or Freeman, are convicted of the crimes charged in Counts Two through Seven, Ten and Eleven (Conspiracy to Commit Mail Fraud and Wire Fraud, Mail Fraud, Wire Fraud, Bribery, Extortion), the government will seek forfeiture, in accordance with Title 18 U.S.C. § 981(a)(1)(C) and Title 28 U.S.C. § 2461(c), of "any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of such offenses, including but not limited to. . .a forfeiture money judgment." (Id. ¶¶ 63-64).[1] Finally, in the event any of the defendants, Dunn, Hymowitz, and/or Freeman is convicted of the crimes charged in Counts Eight or Nine (Money Laundering Conspiracy, Money Laundering), the government will seek forfeiture of any property involved in such offenses, or any property traceable to such offenses…" (Id. ¶¶ 65-66).

---

      [1] The Superseding Indictment does not contain any allegations or paragraphs numbered ¶¶ 51-62.

I. There is No Constitutional Right to a Jury Determination for Criminal Forfeiture

Criminal forfeiture is a mandatory part of a convicted defendant's sentencing. See United States v. Monsanto, 491 U.S. 600, 607 (1989)("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied..."); United States v. Martin, 662 F.3d 301, 309 (4th Cir. 2011)("Criminal forfeiture is part of defendant's sentencing;" it's purpose is to deprive criminals of the fruits of their illegal acts and deter future crimes); United States v. Capoccia, 503 F.3d 103,109(quoting Fed. R. Crim. P. 32.2(b)(1)) (2d Cir. 2007)(Sotomayor, J.).  See also, 18 U.S.C. § 3554 (statute mandating order of forfeiture as part of a defendant's sentence if found guilty of a violation of the RICO statute, 18 U.S.C. § 1962).

As such, and as the Supreme Court has made clear, there is no Sixth Amendment right to have the jury determine forfeiture. Libretti v. United States, 516 U.S. 29, 49, 116 S.Ct. 356, 367-68 (1995) ("Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to jury determination as to the appropriate sentence to be imposed."). See, United States v. Capoccia, 503 F.3d 103, 116 at n. 18 (2d Cir. 2007)(Sotomayor, J.)(acknowledging the holding in Libretti that there is no Sixth Amendment jury trial right to a forfeiture determination post-Apprendi and Booker); United States v. Roberts, 660 F.3d 149, 166 (2d Cir. 2011) (relying on Libretti and expressly finding that "district courts are not required to conduct an "investigative audit" when making a forfeiture calculation); United States v. Fruchter, 411 F.3d 377, 382 (2d Cir. 2005)(finding that Libretti remains the law until the Supreme Court expressly overturns it and holding that criminal forfeiture is not a determinate system); United States v. Bellomo, 176 F.3d 508, 595 (2d Cir. 1999)(relying on Libretti and holding that criminal forfeiture is part of the process of criminal sentencing); United States v. Dolney, 2005 WL 1076269 at * 11 (E.D.N.Y. 2005)(Garaufis, J.)("for purposes of forfeiture's relationship to the Sixth Amendment, the only essential fact that must be found by the jury is the defendant's guilt."). See also, United States v. Phillips, 2012 WL 6700220 at * 12-14 (9th Cir. 2012)(following Fruchter); United States v. Ortiz-Cintron, 461 F.3d 78, 82 (1st Cir. 2006)(until and unless Libretti is overturned, a court is constrained to hold that the Sixth Amendment does not apply to criminal forfeiture); United States v. Leahy, 438 F.3d 328, 331-32 (3rd Cir. 2006)(en banc)(Libretti holds the Sixth Amendment does not apply to criminal forfeiture and remains good law); United States v. Mertens, 166 Fed. Appx. 955, 958 (9th Cir. 2006)(same; lower courts are bound to follow the decisions of the Supreme Court even if the rationale has been undermined by another line of cases).  Therefore, since forfeiture is a mandatory part of a convicted defendant's sentence, there is no constitutional right to a jury determination on the issue of criminal forfeiture.

## II. There is No Legal Right to a Jury Determination of a Forfeiture Money Judgment Amount

While under Fed. R. Crim. P. 32.2(b)(5)(B), either party may timely request a jury determination as to whether "the requisite nexus between the property and the offense committed by the defendant" has been established, where the government seeks only a forfeiture money judgment, forfeiture is to be determined by the Court.[2] Rule 32.2(b)(1)(A) states, "if the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

The majority of courts, including those within this Circuit, that have had an opportunity to address this issue have consistently held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a forfeiture money judgment. See, United States v. Tedder, 403 F.3d 836, 841 (7th Cir.)("Rule 32.2 does not entitle the accused to a jury determination on the amount of the forfeiture."), cert. denied, 546 U.S. 1075, 126 S. Ct. 827 (2005); United States v. Gregoire, 638 F.3d 962, 972 (8th Cir. 2011)(where government disclaims any intent to seek forfeiture of specific property, there is no issue for the jury); United States v. Bourne, 2012 WL 526721 at * 1 (E.D.N.Y. Feb. 15, 20120)(Garaufis, J.); United States v. Galestro, 2008 WL 2783360 at * 11 (E.D.N.Y. 2008) (Ross, J.); United States v. Roberts, 631 F. Supp. 2nd 223, 225-6 (E.D.N.Y. 2009)(Irizarry, J.). See also United States v. Harrell, 2013 WL 525743 (M.D. Fla. 2013) at * 2 (distinguishing forfeiture of an in personam money judgment from forfeiture of specific property); United States v. Reiner, 393 F. Supp. 2nd 52, 54-57 (D. Me. 2005)(same), aff'd, 500 F.3d 10 (1st Cir. 2007), cert. denied, 552 U.S. 1295 (2008).

Here, because the government seeks only a forfeiture money judgment from the defendants in the event any of them are convicted of the charges alleged in the Superseding Indictment, a jury determination is neither necessary nor warranted by the law.

---

[2] Rule 32.2 was amended in 2009 in order to avoid the inadvertent waiver of a jury determination, while also providing timely notice to the court and the jurors themselves if they will be asked to make a forfeiture determination as to specific properties, in contrast to a forfeiture money judgment. See Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2009 Amendments, Subdivision (b)(5)(A).

Accordingly, the United States respectfully submits that in the event defendants Dunn, Hymowitz or Freeman is convicted of any of the substantive charges in the Indictment, that there is and will be no basis for the jury to be retained for purposes of rendering any forfeiture determination in connection with these criminal proceedings.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: */s/ Claire S. Kedeshian*

Claire S. Kedeshian
Cristina M. Posa
Anthony M. Capozzolo
Assistant U.S. Attorneys
(718) 254-6051/6668/6454

cc: Defense counsel (via ECF)

4